UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00051-JHM

SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA  PLAINTIFF

v.

DEVOTED SENIOR CARE LLC  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on cross-motions for summary judgment by Devoted Senior Care LLC ("Devoted") and Selective Insurance Company of South Carolina ("Selective"). Fully briefed, this matter is ripe for decision. For the following reasons, Devoted's Motion for Summary Judgment [DN 19] is **DENIED**, and Selective's Motion for Summary Judgment [DN 20] is **GRANTED**.

**I. BACKGROUND**

Selective issued an insurance policy to Devoted, a company providing healthcare employees to Medicaid licensees. [DN 1 at ¶¶ 11, 20]. During the coverage period, Devoted contracted with Horizon Adult Health Care LLC ("Horizon") to provide in-home care to Medicaid approved clients. [*Id.* at ¶ 18]. Eventually, Horizon accused Devoted of improperly encouraging clients to switch providers. [*Id.* at ¶¶ 22–23]. Horizon then sued Devoted for breach of contract and tortious interference with contractual relations. *See* [DN 1-4].

Faced with this lawsuit, Devoted notified Selective and requested defense and indemnity per the insurance policy. [DN 1 at ¶¶ 28, 32]. That policy states:

> [Selective] will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. [Selective] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [Selective] will have no duty to defend

1

> the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

[DN 1-2 at 177]. Elsewhere, the policy defines "personal and advertising injury" as "injury . . . arising out of one or more of the following offenses[,]" including "[o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services[.]" [*Id.* at 186]. From this definition, the policy excludes:

> **a. Knowing Violation Of Rights of Another**
>
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
>
> **f. Breach of Contract**
>
> "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

[*Id.* at 177]. The policy's umbrella coverage provision incorporates identical definitions and exclusions for "personal and advertising injury." [*Id.* at 309, 312, 323].

Selective asks this Court to declare Horizon's suit outside the policy's coverage. *See* [DN 1 at 9]. If correct, Selective would have no obligation to defend or indemnify Devoted. [*Id.*]. In a prior opinion and order, the Court denied Devoted's motion to dismiss Selective's declaratory judgment request. [DN 7]; [DN 14]. Both parties have now filed motions for summary judgment on the coverage issue. [DN 19]; [DN 20].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the

basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. Discussion

The parties agree that Kentucky law governs this case. *See generally* [DN 19]; [DN 20]. Under Kentucky law, an "insurer has a duty to defend if there is any allegation which potentially, possibly or might come within the coverage of the policy." *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991). Insurance policies "should be liberally construed and any doubts resolved in favor of the insured." *Dowell v. Safe Auto Ins. Co.*, 208 S.W.3d 872, 878 (Ky. 2006). But a "liberal interpretation is not synonymous with a strained one." *K.M.R. v. Foremost Ins. Grp.*, 171 S.W.3d 751, 753 (Ky. App. 2005). "[W]hen

the terms of an insurance contract are unambiguous and not unreasonable, they will be enforced as written. Unambiguously defined terms are interpreted in the light of usage and understanding of the average person." *Foreman v. Auto Club Prop.-Cas. Ins. Co.*, 617 S.W.3d 345, 349–50 (Ky. 2021) (internal quotation marks omitted).

Under the policy, Selective must "pay those sums that [Devoted] becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies." [DN 1-2 at 177]. The policy defines "personal and advertising injury" as "injury . . . arising out of one or more of" several "offenses." [*Id.* at 186]. This list does not include breach of contract or tortious interference with contractual relations. *See* [*Id.*].

Instead, Devoted argues Horizon's Complaint presents "personal and advertising injury" because it involves a listed offense: "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services[.]" [*Id.*]. Horizon's Complaint does not explicitly state slander or libel claims. *See* [DN 1-4]. Nevertheless, Devoted contends allegations surrounding the tortious interference claim constitute defamation and disparagement. *See* [DN 19-1 at 8–11]; [DN 21 at 7–10]. Specifically, Devoted relies on the allegations that it "directly and indirectly solicit[ed] Clients of Horizon to change their Medicaid health care provider to another"; "pressure[ed], overreach[ed] and compell[ed] frail elderly persons in their care into believing they had signed 'forms' obligating the Client to leave Horizon for another provider 'for a year or face legal action'"; and "falsely invoke[ed] fear of potential abandonment by the caregivers to the Client's detriment if the client did not . . . transfer[ ] their care to [Devoted]." [DN 1-4 at ¶¶ 11, 15].[1] In

---

[1] Devoted's pleadings cite allegations in two exhibits outside Horizon's Complaint—Horizon's Response to Defendant's Motion to Compel [DN 19-2] and a deposition from Horizon's representative [DN 19-3]. *See* [DN 21 at 11–13]. As the Sixth Circuit has described, however, courts "make the coverage determination by reference to two documents: the complaint and the policy." *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 400

4

response, Selective argues this provision is inapplicable because Horizon did not explicitly bring a claim for defamation or disparagement. [DN 20 at 10].

Although no Kentucky caselaw has analyzed this policy language, two cases within the Sixth Circuit have interpreted identical provisions. In *Holloway Sportswear, Inc. v. Transportation Insurance Company*, the Sixth Circuit denied coverage under Ohio law. 58 F. App'x 172 (6th Cir. Feb. 14, 2003) (unpublished). A third-party alleged Holloway tortiously interfered "by unfairly and improperly contacting . . . customers, sources, and contacts" through "dishonest, improper and unfair acts . . . ." *Id.* at 173. Holloway asserted this suit constituted "personal and advertising injury" because it involved "defamation or disparagement." *Id.* at 174. Transportation Insurance disagreed and refused to defend Holloway. *Id.* at 172. Ruling against coverage, the Sixth Circuit found the complaint "alleged injury by virtue of Holloway's circumvention of [the third-party], rather than by defamation or disparagement." *Id.* at 174. Thus, the suit did not allege "personal and advertising injury," meaning Transportation Insurance did not have to defend Holloway. *Id.* at 175. Furthermore, under Ohio precedent, Holloway "cited no provision of the underlying complaint which arguably recount[ed] any defaming or disparaging statement." *Id.*

This Court reached a similar conclusion in *National Fire Insurance Company of Hartford v. Kosair Charities Committee, Inc.* No. 3:15-CV-00577-CRS, 2016 WL 2622010 (W.D. Ky. May 5, 2016) (applying Kentucky law). A third-party raised breach of contract and intentional interference claims against Kosair, contending it "made knowingly, false, misleading, and defamatory statements." *Id.* at *4 (cleaned up). Like *Holloway*, Kosair maintained the alleged statements placed the suit under "slander or libel" definition of "personal and advertising injury."

---

(6th Cir. 2019). That same court was "unable to find any Kentucky cases" permitting a reviewing court to consider "known facts" outside the complaint when determining policy coverage. *Id.* at 404 n.8. Thus, this Court looks only to "the language of the complaint." *James Graham*, 814 S.W.2d at 279.

5

*Id.* at *1–4. This Court disagreed, finding "the alleged defamatory statements . . . [did] not form the basis of [the third-party]'s claims against Kosair[.]" *Id.* at *4. Since the third-party "assert[ed] no formal cause of action for defamation against Kosair[,]" the "personal and advertising injury" definition did not apply. *Id.* at *4. Any references to defamation merely "provide[d] context to that larger story." *Id.*

The Court finds Horizon's Complaint does not allege "personal and advertising injury" under the policy. As in *Holloway* and *Kosair*, Horizon "asserts no formal cause of action for defamation against [Devoted]." *Kosair*, 2016 WL 2622010, at * 4. The Complaint "allege[s] injury by virtue of [Devoted]'s circumvention of [Horizon], rather than by defamation or disparagement." *Holloway*, 58 F. App'x at 174. Put differently, Horizon's suit concerns the effect of Devoted comments on its contractual relationship with clients, not the potential defamatory impact on its reputation. Like *Kosair*, any reference to defamatory comments merely "provides context" for the tortious interference claim. *Kosair*, 2016 WL 2622010 at *4. Within the policy's terms, the "injury" that Horizon's Complaint alleges does not "arise out of" any of listed offenses, including defamation—it arises out of Devoted's alleged tortious interference.

In short, if liable to Horizon, Devoted would not pay "damages because of 'personal and advertising injury.'" [DN 1-2 at 177]. Furthermore, "a court need not consider the applicability of an exclusion if there is no initial grant of coverage under the policy." *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 306 S.W.3d 69, 78 n.35 (Ky. 2010). In sum, Selective has no duty to defend or indemnify Devoted in this case.

6

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Devoted's Motion for Summary Judgment [DN 19] is **DENIED**, and Selective's Motion for Summary Judgment [DN 20] is **GRANTED**. The Court will enter a judgment consistent with this opinion.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Counsel of Record

April 6, 2022